[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In two interrelated assignments of error, defendant-appellant Tracy J. Busch challenges the denial of his motions for a judgment of acquittal, as well as the weight of evidence adduced to support his conviction for assault on a peace officer, in violation of R.C. 2903.13(A) and 2903.13(C)(3), following a trial to the court.
Busch essentially contends that the state did not prove that the bar fight in which he struck a uniformed Cincinnati police officer working a security detail occurred in Cincinnati. Rather than challenging the venue of the prosecution, see Section 10, Article I, of the Ohio Constitution, Busch claims that this failure prevented the state from proving that the officer was "in the performance of [his] official duties" within his territorial jurisdiction. R.C. 2903.13(C)(3); see R.C. 2935.01(B) and 2935.03.
Busch's first assignment of error is overruled, as the trial court properly denied his motions for a judgment of acquittal when reasonable minds could have reached different conclusions as to whether each element of the crime charged had been proven beyond a reasonable doubt, including the location of the well-known bar, whose street address was admitted into evidence, in the city of Cincinnati. See Crim.R. 29; see, also,State v. Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184.
Our review of the record also fails to persuade us that the trial court, sitting as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See State v. Thompkins (1997),78 Ohio St.3d 380, 387, 678 N.E.2d 541; see, also, Tibbs v. Florida
(1982), 457 U.S. 31, 102 S.Ct. 2211. The second assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.